### No. 10,066.

### SWARTZ *v.* MILLER.

Decided November 7, 1921.

Will contest. Judgment for contestant.

*Reversed.*

*On Application for Supersedeas.*

1. WILLS—*Contest—Mental Capacity.* Verdict held contrary to the

direct, positive and undisputed evidence of the mental capacity of the testatrix, and therefore not sustained by the evidence.

*Error to the County Court of Boulder County, Hon. E. J. Ingram, Judge.*

Messrs. RINN & ARCHIBALD, Messrs. MARTIN, NEWCOMER, FITZGERALD & TINGLOF, for plaintiff in error.

Mr. GRANT E. HALDERMAN, Mr. C. G. GARBARINO, Mr. FRANK A. KEMP, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS case is a contest by Eva Miller of the will of her mother, Katharina Haldi, who left a legacy of $500 to Mrs. Swartz, plaintiff in error, the residue to said Eva Miller who is sole heir; it is before us on motion for supersedeas.

The attack upon the will was made upon the grounds of undue influence and mental incapacity. The court, we think rightly, withdrew from the jury the question of undue influence and submitted only that of mental incapacity. The verdict for the contestant must therefore be regarded as based wholly on the latter point.

This case differs from the ordinary contest of a will on the ground of insufficient mental capacity in that usually the claim is made that capacity has failed at or before the execution of the instrument attacked, while here we have a claim that there never was sufficient capacity for testamentary purposes. At the date of the will Mrs. Haldi's mind was as good as it ever was.

The principal ground urged for reversal is that the verdict is against the evidence and this ground we think is well taken. We think that the verdict is contrary to the direct, positive and undisputed evidence of the testatrix's mental capacity as shown by what she actually did during her many years' residence in Boulder county, and that she was so shown to be of sound and disposing mind; our conclusion, therefore, is that the verdict is not sustained by

the evidence.   This makes it unnecessary to consider other questions.

Both sides ask us to decide the case finally and not grant a new trial.   We therefore grant the supersedeas and direct the reversal of the case and judgment for the contestee.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.